# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT J. GIESING,

    *Petitioner,*

vs.

BRIAN WILLIAMS, SR., *et al.*

    *Respondents.*

2:09-cv-01221-RCJ-PAL

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether, *inter alia*, the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1). This order follows upon the Court's earlier show cause order (#3) and petitioner's response (#5) thereto.

### Background

Petitioner Robert Giesing challenges his Nevada state conviction, pursuant to a guilty plea, of lewdness with a child under the age of fourteen and possession of a visual presentation depicting sexual conduct of a person under sixteen years of age. The judgment of conviction was filed on March 1, 2007, and petitioner did not take a direct appeal.[1] The time for filing a direct appeal expired on or about Monday, April 2, 2007.

---

[1] The judgment was signed as of February 21, 2007, and was stamped both as received and as filed on March 1, 2007. The *arguendo* March 19, 2007, filing date used in the prior order was based upon a misreading of the state court file-stamp.

Petitioner mailed a *pro se* post-conviction petition to the state district court clerk for filing on or about June 1, 2007. The state district court denied relief, and the Supreme Court of Nevada affirmed the denial of relief on appeal. The remittitur issued on July 8, 2008.

Petitioner, through counsel, filed the federal petition on July 7, 2009, one day short of exactly one year from the issuance of the remittitur.

### *Governing Law*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented here, a federal habeas petition must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation issue may be raised by the district court *sua sponte*. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).

The one-year limitation period additionally may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(quoting *Pace*, 544 U.S. at 418, 125 S.Ct. at 1814). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

The Ninth Circuit has affirmed that intervening Supreme Court case law "is consistent with our sparing application of the doctrine of equitable tolling:"

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that *an external force must cause the untimeliness*, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Harris [v. Carter], 515 F.3d [1051,] . . . 1055 [(9th Cir. 2008)].

*Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)(emphasis added).

### *Discussion*

In the present case, the federal limitation period, unless otherwise tolled, began running after the time expired for taking a direct appeal, *i.e.*, on April 2, 2007. A total of 59 untolled days elapsed before petitioner mailed his *pro se* state petition for filing on or about June 1, 2007. The statutory tolling under Section 2244(d)(2) resulting from the pendency of the state post-conviction proceedings continued through to the issuance of the remittitur on July 8, 2008. At that time, 306 untolled days remained in the one-year federal limitation period. Accordingly, unless otherwise tolled, the time period for filing a federal petition in this case would expire on Monday, May 11, 2009.

The federal petition was not filed, through counsel, until July 7, 2009, which was one day short of a year after the remittitur was filed and 57 days after the federal limitation period had expired, absent additional tolling.

In the unsworn response, as distinguished from the affidavits by counsel, petitioner's counsel maintains that "I believe we filed in time" because claims of ineffective assistance of counsel must be raised in Nevada in a state post-conviction petition and it therefore "seemed more appropriate to consider [petitioner's] method of post conviction relief as 'direct review.'"[2] Petitioner relies upon the Ninth Circuit's holding in *Summers v. Schriro* 481 F.3d 710 (9th Cir. 2007), that a Rule 32 hearing in Arizona constitutes the functional equivalent of a direct

---

[2] #5, at 4.

appeal. Petitioner contends that, in light of *Summers*, it "seems appropriate to apply the direct review standard of 28 U.S.C. § 2244(d)(1)(A) instead of [the] standard [for] post conviction relief under 28 U.S.C. § 2244(d)(2)."[3] Petitioner contends that the federal limitation period did not begin to run prior to the decision of the Supreme Court of Nevada on state post-conviction review. Petitioner further contends that the limitation period did not begin to run until after the expiration of the ninety day period for filing a petition for a writ of *certiorari* in the United States Supreme Court seeking review of the order affirming the denial of post-conviction relief.

The limitation analysis conducted by petitioner's counsel in this case was fundamentally flawed.

Under established law, as well as under a plain, common-sense reading of the statute, the date on which Giesing's conviction became final for purposes of Section 2244(d)(1)(A) was the date that the time expired for pursuing direct appellate review to the state supreme court. *See, e.g., Chaker v. Grogan*, 428 F.3d 1215, 1219 (9th Cir. 2005); *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002). The mere fact that claims of ineffective assistance of counsel generally may not be pursued on direct appeal does not make post-conviction review direct review.

Counsel's reliance upon the decision in *Summers v. Schriro* regarding the Rule 32 hearing procedure in Arizona was and is misplaced. In *Summers*, the Ninth Circuit held that the Rule 32 hearing procedure constituted direct review rather than collateral review because, in the procedural context presented, the procedure was available of right, with counsel, as the "functional equivalent of direct appeals," and "'*in lieu of direct appeal.*'" 481 F.3d at 715-16 (emphasis added)(quoting state court authorities). In the present Nevada context, in stark contrast, petitioner *had* a right to direct appeal *that he simply did not invoke within the thirty-day period for doing so.* His later state post-conviction petition was not a procedure provided by the State in lieu of a direct appeal; it simply was classic collateral

---

[3] *Id.*, at 5.

review. *Summers* clearly provides absolutely no support for the far more expansive proposition presented here that a state procedural rule that ineffective-assistance claims must be raised in a post-conviction petition makes post-conviction review direct review.

It further is well-established law that the running of the federal limitation period is stopped during the ninety-day time period for seeking *certiorari* only in connection with direct review, not also on collateral post-conviction review. See, e.g., *Lawrence*, 549 U.S. at 329-36, 127 S.Ct. at 1081-85.

Petitioner's counsel's federal limitation analysis in this case thus was contrary to established law, unsupported by apposite authority, and contrary to a plain and common sense reading of the governing statute.

Where, as here, petitioner's counsel miscalculates the federal limitation period, counsel's negligence or error does not constitute an extraordinary circumstance giving rise to equitable tolling. See,e.g., *Lawrence*, 549 U.S. at 336-37, 127 S.Ct. at 1085-86; *Miranda v. Castro*, 292 F.3d 1063, 1066-67 & n.4 (9th Cir. 2002).[4]

In his remaining argument, petitioner seeks equitable tolling from April 28, 2009 (prior to the expiration of the limitation period, absent tolling, on May 11, 2009) through the federal filing date of July 7, 2009, based upon alleged difficulty in obtaining state court records and transcripts. Counsel alludes to efforts being made prior to April 28, 2009, to obtain the state court materials, but counsel acknowledges that "we do not have specific dates and therefore cannot provide sworn proof of those efforts." Petitioner expressly "thus do[es] not ask for tolling prior to that date."[5]

---

[4] The Court has taken the unsworn assertions by counsel in the show-cause response at face value and has assumed, *arguendo*, that the limitation analysis in the response was conducted prior to the filing of the federal petition as opposed to *post hoc* after the show-cause order. Either way, petitioner's counsel clearly proceeded on an erroneous assumption that the federal one-year limitation period did not begin to run until after the Nevada Supreme Court's decision on state post-conviction review. The Court notes in this regard that the federal petition was filed one day short of exactly one year from the issuance of the remittitur on state post-conviction review.

[5] #5, at 10. The show-cause order expressly stated, in this represented case:

(continued...)

As backdrop, Giesing raises the following claims in the July 7, 2009, federal petition. In Ground 1, he alleges that he was denied rights to a speedy trial and due process in violation of the Fifth, Sixth, and Fourteenth Amendments: (a) because of a 27 month delay between his arrest and trial; and (b) because he was indicted after the justice court dismissed a criminal complaint after the State did not proceed with a preliminary hearing. In Ground 2, he alleges that he was denied rights to due process, equal protection, and effective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments: (a) because trial counsel failed to move to dismiss the indictment based upon an alleged violation of his federal speedy trial rights and because the indictment allegedly was barred under state law after the dismissal of the complaint in the justice court; and (b) because trial counsel, *inter alia*, failed to properly handle a letter produced mid-trial, prior to the plea, that counsel allegedly mistakenly construed as an apology to the victims.

Petitioner's counsel attests in affidavits filed with the show cause response as follows. At some unspecified time, lead counsel in California reviewed the file received from petitioner, which included materials received from trial counsel. The file included transcripts from the grand jury proceedings, the change of plea, the sentencing, and the state post-conviction evidentiary hearing. The file did not include trial transcripts (petitioner entered a plea mid-trial), transcripts from other hearings or minute orders from the justice court or state district court. At some unspecified time, California counsel asked her assistant in California to contact the Nevada state district court to obtain further records and monitored her progress. On April 14, 2009, California counsel secured the assistance of Nevada counsel in Las Vegas to assist with obtaining further records. From April 21, 2009, through June 11,

---

[5](...continued)
    . . . Petitioner shall attach supporting affidavits, sworn declarations or documentary materials for all factual allegations asserted in the response. Unsupported factual assertions will be disregarded. If petitioner does not timely respond to this order or if petitioner does not assert facts sufficient to prevent the limitation period from running against him, the petition will be dismissed with prejudice as untimely.

#3, at 2. The Court notes that petitioner is represented by privately-secured rather than appointed counsel.

2009, Nevada and/or California counsel thereafter attempted to obtain additional records and transcripts by contacting or attempting to contact the state district court clerk, the justice court clerk, and a number of court reporters. On May 6, 2009, the justice court clerk faxed a copy of minutes that counsel describes as "far from accurate minutes and very uninformative." On June 5, 2009, counsel received unspecified records from the state district court that counsel states "did not contain most of the transcripts that were needed or a complete record."[6]

Counsel filed the federal petition on July 7, 2009. The Court issued a show cause order as to the timeliness of the petition on July 13, 2009. According to the affidavits presented, after receiving the show cause order, California counsel made arrangements to travel to Nevada on the case. On July 30, 2009, counsel flew to Las Vegas and drove to Boulder City to personally inspect the court records. Counsel attests that, at that time, "[a]t long last . . . we found the information that was missing from the District Court files and which we had previously been told was not in the file, namely the Order dismissing the Complaint against Mr. Giesing on Defense Motion." Counsel asserts that "[w]e also found a Minute Orders [sic] from previous appearances."[7]

In the show cause response, counsel asserts that, as of the time of the July 7, 2009, filing of the petition, *"[b]elieving the deadline fast approaching*, we decided to file the petition with what information we had and that we would continue to diligently try to find the rest of the file and obtain the transcripts from Boulder City."[8] Counsel urges that because more than notice pleading is required in federal habeas counsel sought "[t]o provide support to the allegations and file the strongest possible petition so as to avoid summary dismissal."[9] Counsel maintains that "[t]he allegation against another attorney of providing constitutionally

---

[6] Affidavits of Shannon Dorvall and Maysoun Fletcher, filed with #5, at electronic docket pages 43-49.

[7] Id.

[8] #5, at 4 (emphasis added).

[9] Id., at 2 & 7.

ineffective assistance of counsel is very serious and should never be casually raised." Counsel asserts that "[t]o that end, we wanted to be certain we had proper proof before making such an accusation and diligently worked to find evidence *in addition to the trial attorney's own statements.*"[10]

Petitioner has failed to demonstrate a viable basis for equitable tolling. At bottom, petitioner contends that he is entitled to equitable tolling because his counsel – after having the case for an unspecified period of time – was unable to quickly obtain copies of all state court records relating to his claims that were based upon the delay prior to trial and the dismissal of the justice court complaint, after counsel made inquiry 20 days or less prior to the expiration of the federal limitation period. Any such last-minute difficulty in obtaining all possibly related documents clearly did not cause the late filing of the federal petition. *Inter alia*, counsel ultimately filed the federal petition on July 7, 2009, without the records in question, in the erroneous belief that the deadline was "fast approaching." Counsel was mistaken, however, as the deadline already had passed by that time. It was counsel's error and miscalculation of the limitation period, not an incomplete file, that caused the late filing.

Petitioner -- proceeding *pro se* and without the additional materials obtained by counsel on July 30, 2009 -- presented detailed claims in the state post-conviction petition challenging his conviction based upon the delay prior to trial and the dismissal of the justice court complaint.[11] In the state post-conviction evidentiary hearing transcript, which federal habeas counsel had from the outset, petitioner's claims based upon the delays prior to trial and the circumstances surrounding the dismissal of the justice court complaint were discussed.[12]

Counsel attaches with the show cause response a copy of the justice court order dismissing the complaint on a defense motion that federal habeas counsel "at long last"

---

[10] #5, at 6-7 (emphasis added).

[11] See State Court Post-Conviction Petition, filed with #5, at electronic docket pages 36-37 & 40.

[12] See #1-6, at 5-13.

located on July 30, 2009. The order in question is a one-line form check-off order that says in pertinent part "[c]ase dismissed by motion of Defendant/Defense Attorney." See #5, at electronic docketing page 22. This very same fact – that the complaint was dismissed on a defense motion – already was established by the evidentiary hearing transcript and was not contested. Indisputably, a last-minute inability to locate this one-line order establishing an already-known procedural fact did not constitute an extraordinary circumstance standing in the way of petitioner filing a timely federal petition.

In *Waldron-Ramsey*, the Ninth Circuit addressed a similar claim of equitable tolling by a petitioner proceeding *pro se*. The petitioner in that case argued that he was entitled to equitable tolling because he did not have full access to his legal materials and because "he believed that he was required to file a thorough habeas brief explicating all of his claims in full and would not be able to amend his petition at a later date." 556 F.3d at 1013 & n.4. The Ninth Circuit rejected this argument on, *inter alia*, the following grounds:

> Moreover, even if Waldron-Ramsey may have faced some difficulty developing his claims without constant possession of all of his records, he has not adequately explained why he filed 340 days after his AEDPA deadline. If diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline, or at least could have filed it less than 340 days late assuming that some lateness could have been excused. From 1994 to 1997 he had access to all of the documents necessary for his *Faretta* self-representation claim. He could have developed that argument, outlined the other arguments and the facts underlying those arguments on the form habeas petition, and then sought to amend his petition when he got more information. We conclude that Waldron-Ramsey did not exercise due diligence and that his argument regarding access to legal materials lacks merit. Therefore, equitable tolling is inappropriate.

556 F.3d at 1014.[13]

Here, too, the represented petitioner has not come forward with facts demonstrating the requisite diligence. Nothing prevented the represented petitioner from filing the petition

---

[13] *See also Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Mar. 29, 2010)(No. 09-9957)(prior counsel's alleged failure to provide complete legal file could not be the cause of the untimely filing of the federal petition because the petitioner already was aware of the factual basis of the claim, and he did not need the materials to file a timely habeas petition).

that was filed untimely on July 7, 2009, instead as a timely filing on or before May 11, 2009. Petitioner obtained no critical piece of information between May 11, 2009, and July 7, 2009, that was not already known prior to the expiration of the federal limitation period. The actual copy of the one-line order later obtained on July 30, 2009, clearly was not such a critical, outcome-determinative piece of information that was not already known during the limitation period. As in *Waldron-Ramsey*, the only diligent, prudent and competent course, particularly by a represented party, would have been to file a timely petition and then to seek to amend if and as necessary upon the discovery of additional *material* information. Even though federal habeas pleading unquestionably is not notice pleading, this Court cannot, and does not, dismiss a federal habeas petition for lack of specificity without an opportunity to amend. Delaying filing until after the expiration of the limitation period, where nothing stood in the way of a timely filing, in order to seek additional record materials relating to a claim clearly would not demonstrate either diligent or prudent pursuit of the petitioner's rights.

The disposition of the present case thus comes back to the point that the cause of the late filing was not the last-minute unavailability of additional records but instead was federal habeas counsel's mistaken belief that the deadline was "approaching" rather than already past on July 7, 2009. Under established law, an extraordinary circumstance must cause the untimeliness rather than oversight, miscalculation or negligence by the petitioner or his counsel. *See, e.g., Waldron-Ramsey, supra*. Petitioner accordingly has not demonstrated a viable basis for equitable tolling in this case, and the petition therefore is untimely.[14]

### Consideration of Possible Issuance of a Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A district court order granting or denying a certificate of appealability does not

---

[14] The Court does not find that an evidentiary hearing is warranted. The record has been sufficiently developed, following a show-cause notice to the represented party and an opportunity to present relevant evidence, to allow a full evaluation of petitioner's equitable tolling argument. Holding an evidentiary hearing on the same facts would not offer a reasonable chance of altering the outcome. *See, e.g., Williams v. Woodford*, 384 F.3d 567, 591 (9th Cir.2004); *Tapia v. Roe*, 189 F.3d 1052, 1056 (9th Cir.1999).

eliminate the requirement of filing a timely notice of appeal. A motion to reconsider the order regarding a certificate of appealability does not extend the time to appeal.

As to claims rejected on procedural grounds, the petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a certificate of appealability , "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

For the reasons discussed above, jurists of reason would not find the dismissal of the petition as untimely to be debatable or wrong. At bottom, federal habeas counsel's miscalculation of the federal limitation period, rather than any other circumstance, was the cause of the untimely filing of the federal petition.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED with prejudice as time-barred.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED.

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED: This 9th day of June, 2010.

ROBERT C. JONES
United States District Judge